**McCurley SMITH, Plaintiff,**

v.

**COOK COUNTY, d/b/a Cook County Hospital, Defendant.**

No. 93 C 1939.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 25, 1994.

Herbert H. Victor, Chicago, IL, for plaintiff.

Susan Carol Salita, Atty. General's Office, John Justin Murphy, State's Atty. of Cook County, Karen J. Dimond, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., Ina R. Silvergleid, Cook County State's Atty., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff McCurley Smith brings this one-count complaint alleging violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* Presently before the court is defendant Cook County's motion for summary judgment. For the reasons set forth below, Cook County's motion is granted.

### I. Background [1]

■ On April 26, 1982, plaintiff McCurley Smith was hired by defendant Cook County Hospital to serve as a supervisor in the General Accounting department, which is a division of Financial Services. Eighteen months later, he was transferred to the Management Systems department to do special projects within that department. In 1985, Smith was again transferred, this time to the Hospital Information Systems ("HIS") department, also a division of Financial Services. In the HIS department, Smith was not responsible for a particular computer software application. Instead, Smith was assigned projects on an ad hoc basis. The primary project for which Smith was responsible was developing a "Charge Master" for the PATCOM system, the software system with financial applica-

---

1. Smith has essentially admitted most of the relevant factual assertions made in defendant's Local Rule 12(m) statement. We note that on several occasions, Smith admits that various individuals took certain actions because they "allegedly" believed something, adding the word "allegedly" to the defendant's Rule 12(m) factual assertions. This action does not constitute a denial of the defendant's relevant Rule 12(m) statements, both because it does not controvert the defendant's statements, *see* Rule 12(n)(3)(b), and because Smith does not provide any materials or references which would support a denial of the validity of those statements, *see* Rule 12(n)(3)(a). Accordingly, the following section includes those facts offered by defendant which have not been effectively controverted by Smith.

tions.[2] For reasons disputed by the parties, the Charge Master project was not completed by December, 1991, when Smith was laid off. Cook County Hospital ultimately retained a consulting firm, Unison Consulting Group, Inc., to develop the Charge Master.

In July, 1991, Lacy Thomas, the Chief Financial Officer of Cook County Hospital, began to investigate the reason for repeated problems with the hospital's computer systems. Specifically, he retained an outside consultant, The Foster Group, to help him identify the source of the operational problems. Following a one and one-half month investigation, in August and September, 1991, The Foster Group concluded that one of the problems in the HIS department was the "general lack of data processing knowledge and technical experience on the part of the HIS project managers." As a result, after consulting with various personnel, Thomas recommended that the hospital hire a facilities management team to run the HIS department. The Director of Cook County Hospital, Ruth Rothstein, authorized Thomas to solicit a contract proposal from The Foster Group. The Foster Group submitted its proposal on October 9, 1991, and entered into a contract with the hospital approximately two months later.

During this same period, the Cook County administration announced that the 1992 budget for the hospital would have to be reduced, and that the hospital should cut as many employees as possible from its staff. Rothstein told Thomas to consider any HIS employee not vital to the department for layoff, particularly in light of the decision to hire an outside facilities management team to oversee much of the HIS department. Accordingly, Thomas retained only those HIS employees who Thomas believed had a particular expertise in one or more of the software applications, or experience with maintaining the computer hardware equipment, i.e., technically skilled employees. Based upon these criteria, only two HIS employees

were retained to serve a support function in the 1992 budget: Solomon Appavu, who had served as director of HIS before the involvement of The Foster Group, and Vansanta Doss, who had extensive knowledge of all of PATCOM's applications.[3] The seven remaining HIS employees, including Smith, were informed on December 2, 1991, that they were being laid off, effective December 15, 1991. Smith was 48 years old at the time.[4]

## II. Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact, and.... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir.1991).

## III. Discussion

Smith alleges that Cook County Hospital violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, when it laid him off in December, 1991. In the present motion, the parties have focused on the familiar burden shifting standard for discrimination cases originally set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas*, the plaintiff

---

2. A "Charge Master" is a list of patient services and the corresponding costs.

3. At the time of the lay-offs, Appavu was 45 years old, and Doss was 32 years old.

4. The ages of the other laid-off employees on December 2, 1991 were: Anthony Bullaro (52), Oliver Bacott (49), Michael Horan (48), Anthony Walker (40), Stephanie Jones (38), Mahendra Yogina (36).

must first make out a prima facie case of discrimination. In *Oxman v. WLS–TV*, 846 F.2d 448 (7th Cir.1988), the Seventh Circuit identified a four-prong test for claims of age discrimination in reduction-in-force ("RIF") cases. To establish a prima facie case, the plaintiff must demonstrate

> that he was in the protected age group, that he was performing according to his employer's legitimate expectations, that he was terminated, and that others not in the protected class were treated more favorably.

*Id.* at 455. If the plaintiff is successful in this endeavor, the defendant must then articulate a legitimate, non-discriminatory reason for terminating the employee. *Id.* at 453. Once the defendant satisfies this burden of production, the ball returns to the plaintiff's court; he must then prove that the reasons proffered by the defendant are pretextual. The plaintiff can do so "by showing either that a discriminatory reason more likely than not motivated the employer or that the employer's proffered explanation is incredible." *Id.* (citation omitted).

■ As noted above, the parties have spent considerable effort debating whether Smith can make out a prima facie case, and particularly, whether he was performing to the hospital's legitimate expectations. Much of this debate focuses on the Charge Master project, and Smith's inability to complete it prior to his termination. We need not resolve whether Smith can establish a prima facie case, however, because it is apparent that he is unable to rebut defendant's proffered explanation for his termination.

Cook County Hospital has clearly articulated a non-discriminatory reason for laying off Smith: Thomas was instructed to terminate non-vital HIS employees, and, because The Foster Group had been retained to run the department's operations, Thomas terminated those HIS employees, including Smith, who did not possess relevant and useful technical skills. Smith raises essentially three arguments in an effort to demonstrate that defendant's reason is merely pretext for discrimination.[5] First, he claims that the hospital treated younger employees more favorably in the RIF. However, this is an element of Smith's prima facie case; it does not add anything at the "pretext" stage of our consideration of Smith's action. That is, if the fact that non-protected employees were treated more favorably in a RIF is sufficient to show pretext, then a defendant can never prevail at that stage, since the demonstration of more favorable treatment of non-protected employees is a necessary precursor to reaching that stage. *See EEOC v. MCI Int'l, Inc.*, 829 F.Supp. 1438, 1458 (D.N.J.1993) ("A mere recitation by plaintiff of the fact that younger employees were retained does not begin to show pretext...."). Moreover, such a showing does not go to the legitimacy of the hospital's proffered explanation regarding the RIF and the elimination of the need for non-technical employees in the HIS department. Accordingly, Smith's first argument does little to support his pretext claim. *See La Montagne v. American Convenience Prods., Inc.*, 750 F.2d 1405, 1413 (7th Cir. 1984) ("Because younger people often succeed to the jobs of older people for perfectly legitimate reasons, the mere fact that an older employee is replaced by a younger one does not permit an inference that the replacement was motivated by age discrimination.").

■ Smith next claims that there were other positions available at the hospital (but outside the HIS department) for which he was qualified, and to which he should have been transferred. However, the five positions identified by Smith were not posted until after December 15, 1991, which was the effective date of the RIF-based terminations, including Smith's. Because these positions

---

5. In support of his "pretext" claim, Smith reasserts, in addition to the arguments discussed below, several of his arguments regarding his inability to finish the Charge Master project. Those arguments, however, are irrelevant at this stage of our consideration, since defendants have admitted that Smith's termination was not performance related, and merely raised the Charge Master issue in support of its claim that Smith can not make out a prima facie case. Since we have assumed that Smith's performance was acceptable for purposes of this motion, we need only consider the legitimacy of the hospital's proffered reason for Smith's termination, *i.e.*, the RIF and the retention of The Foster Group to oversee the HIS department.

were "interdepartmental transfer" openings, available only to those persons employed by the Cook County Hospital at the time of the posting, neither Smith nor any other hospital employee terminated pursuant to the December, 1991 RIF was eligible for them. In any event, it is generally true that, "[w]hen an employer reduces its work force for economic reasons, it incurs no duty to transfer the employee to another position within the company." *Simpson v. Midland–Ross Corp.*, 823 F.2d 937, 942 n. 6 (6th Cir.1987). As with Smith's first argument, the availability of other positions at the hospital does not support his claim of pretext.

Finally, Smith argues that defendant's claim that a RIF took place is suspect because the HIS department was ultimately allocated five additional positions in the 1992 budget. As above, however, this factor alone is largely irrelevant. Smith admits that Thomas was instructed to eliminate as many employees as possible, and that he was instructed to consider HIS employees for layoff with the new role of The Foster Group in mind. Smith also admits that Thomas only retained two employees, Appavu and Ross, to serve a support function in the 1992 budget. He does not challenge Appavu and Ross' technical expertise, nor does he challenge defendant's assertion that he lacked particularized expertise in any of the HIS software applications. With respect to the additional positions finally budgeted for HIS for 1992, Smith does not allege that they were filled by persons outside of the protected age group or by persons who, like Smith, did not possess the necessary technical expertise.[6] Absent such a showing, there is simply no basis to conclude that the legitimate business reason for Smith's termination proffered by Cook County Hospital is merely pretext for age discrimination. Defendant is therefore entitled to summary judgment.

### IV. Conclusion

For the reasons set forth above, defendant's motion for summary judgment is granted. It is so ordered.

---

6. Indeed, Smith does not even allege that these five positions within HIS were filled at all.